**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4981-15T3

MICHAEL MCHUGH,

    Plaintiff-Respondent,

v.

HEATHER MURPHY,

    Defendant-Appellant.

_____

Submitted May 3, 2017 — Decided July 14, 2017

Before Judges Manahan and Lisa.

On appeal from Superior Court of New Jersey,
Chancery Division, Family Part, Passaic
County, Docket No. FD-16-1923-09.

Cores & Associates, L.L.C., attorneys for
appellant (Amy Sara Cores, on the briefs).

Weinberger Law Group, L.L.C., attorneys for
respondent (Jessica Ragno Sprague, on the
brief).

PER CURIAM

Defendant Heather Murphy appeals from a June 14, 2016 custody

modification order allowing plaintiff Michael McHugh to relocate

to the State of Florida with the parties' minor child.  We affirm.

By way of background, the parties had a dating relationship that began in 2005. A child was born in 2007. At the time of the birth, the parties were living with plaintiff's parents. Eventually, the relationship deteriorated, and on August 26, 2009, the parties entered into a consent order to share joint legal and physical custody of the child. Pursuant to the order, the child would stay with defendant three nights a week, and with plaintiff the other four nights.

Initially, plaintiff and defendant agreed that they, together with the child and paternal grandparents, would move to Florida. After defendant became involved in a romantic relationship, she changed her position regarding the relocation plan and objected to the child's removal to Florida.

Given defendant's objection, plaintiff moved for removal of the parties' child. In response, defendant filed opposition and a cross-motion. Plaintiff then filed a reply certification.

A plenary hearing was held over six non-contiguous days. The hearing included the testimony of the parties, two experts, and both paternal grandparents. Both plaintiff and defendant testified relative to the nature of the custodial relationship. While plaintiff contended he was the parent of primary residence, defendant countered that the parties had a residential custody arrangement where each parent shared equally in parenting time and

parenting decisions. Finding both parties credible, the judge determined that both parties assumed parental responsibilities and shared quality time with their child. Accordingly, the judge found the parties' parenting arrangement to be a "true shared" custodial relationship. As such, the applicable standard was the best interests of the child.

Plaintiff's expert psychologist, Dr. Lee Monday, opined that the parties did not share a true joint parenting relationship, that plaintiff was the parent of primary residence, and that the child would not suffer from the relocation. The court appointed expert psychologist, Dr. Erik Dranoff, testified that it would be in the child's best interest to remain in New Jersey and continue the joint custodial residential relationship. Dranoff acknowledged however that his opinion would have differed had he been aware that defendant initially agreed to the relocation, and that the child was advised that the family, including the grandparents, were moving to Florida.

Both Monday and Dranoff testified that plaintiff had a stronger bond with the child, but the child would benefit from continued contact with both parents on a regular basis. They also testified that the child had a close relationship with his paternal grandparents.

The paternal grandparents each testified regarding the family's plan to move to Florida. Plaintiff's father noted that he altered his original retirement plan to relocate to North Carolina after being advised by plaintiff and defendant that they were interested in moving to Florida.

At the conclusion of the hearing, the judge issued an oral decision granting custody to plaintiff, which was memorialized in an accompanying order. The judge denied defendant's motion for a stay pending appeal. Defendant filed a notice of appeal. Upon motion, we denied defendant's request for a stay.[1]

Defendant raises the following arguments on appeal:

<u>POINT I</u>

THE TRIAL COURT FAILED TO GIVE APPROPRIATE WEIGHT TO THE COURT APPOINTED EXPERT'S OPINION REGARDING THE BEST INTEREST OF THE CHILD AND INAPPROPRIATELY HELD THAT THE EXPERT'S OPINIONS WERE PREDICATED ON INACCURATE FACT FINDING.

<u>POINT II</u>

THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO MAKE A FINDING THAT PRIMARY CUSTODY OF THE PARTIES' CHILD SHOULD BE PLACED WITH

---

[1] During the pendency of the appeal, plaintiff filed a motion to strike defendant's appendix for failure to comply with the court rules and a motion to require defendant to "submit an appendix in compliance with the court rules" and to require defendant "to remove any reference to the impermissible appendix portions within her brief." We reserved decision. (Motion No. M-3353-16).

THE DEFENDANT-MOTHER OR THAT PHYSICAL CUSTODY SHOULD REMAIN EQUAL.

## POINT III

THE TRIAL COURT FAILED TO PROPERLY APPLY THE STANDARD SET FORTH IN O'CONNOR[2] AND MORGAN[3] AND BASE RELOCATION ON THE BEST INTEREST OF THE CHILD.

## POINT IV

THE TRIAL COURT MISAPPLIED ITS DISCRETION BY ALLOWING THE MOVE TO PROCEED UNDER THE BAURES[4] STANDARD, WHERE THE COURT FOUND THAT THE PLAINTIFF AND HIS FAMILY WERE HOSTILE TO THE DEFENDANT AND THERE WAS EXPERT TESTIMONY THAT IT WAS NOT IN THE CHILD'S BEST INTEREST TO MOVE BASED ON THE CONCLUSION THAT THE PLAINTIFF-FATHER WOULD ALIENATE CHILD.

## POINT V

THE TRIAL COURT FAILED TO SET FORTH IN ITS ORDER FULLY AND SPECIFICALLY ALL TERMS AND CONDITIONS RELATING TO THE AWARD OF CUSTODY AND PROPER SUPPORT FOR THE CHILD IN VIOLATION OF RULE 5:8-5(B). (NOT RAISED BELOW)

We have considered these arguments in light of the record and applicable legal standards. We affirm substantially for the reasons articulated by Judge Justine A. Niccollai in her comprehensive and thoughtful oral opinion. We add only the following.

---

[2] O'Connor v. O'Connor, 349 N.J. Super. 381 (App. Div. 2002).
[3] Morgan v. Morgan, 205 N.J. 50 (2011).
[4] Baures v. Lewis, 167 N.J. 91 (2001).

"The scope of appellate review of a trial court's fact-finding function is limited. The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12 (1998) (citing Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484 (1974)). Deference is particularly appropriate with respect to credibility determinations based on witness testimony, since the court had the ability to see and hear the witnesses, and with respect to family court fact-finding, due to "the family courts' special jurisdiction and expertise in family matters." Id. at 412-13. "Consequently, we 'should not disturb the factual findings and legal conclusions of the trial judge unless . . . convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice' or . . . determine the court has palpably abused its discretion." Parish v. Parish, 412 N.J. Super. 39, 47 (App. Div. 2010) (quoting Cesare, supra, 154 N.J. at 412).

Preliminarily, the judge found, based on the parents' equal assumption of parental responsibilities, that the application was one for custody modification as opposed to one for removal. Morgan, supra, 205 N.J. at 64. In reaching this determination, the judge thoroughly analyzed the parenting arrangement and

assessed the involvement of each parent. We are satisfied that the judge's finding that the parties shared jointly both legal and physical custody of their child was supported by substantial, credible evidence in the record. As such, notwithstanding plaintiff's removal application, the judge was required to apply the standard employed for determining a change in custody. Id. at 65.

"[T]he party seeking the change in the joint custodial relationship must demonstrate that the best interests of the child would be better served by residential custody being primarily vested with the relocation parent." O'Connor, supra, 349 N.J. Super. at 385. "The touchstone for all custody determinations has always been 'the best interest[s] of the child.'" Faucett v. Vasquez, 411 N.J. Super. 108, 118 (App. Div. 2009) (quoting Kinsella v. Kinsella, 150 N.J. 276, 317 (1997), certif. denied, 203 N.J. 435 (2010)). "Custody issues are resolved using a best interests analysis that gives weight to the factors set forth in N.J.S.A. 9:2-4(c)." Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div. 2007). The statute requires that

> [i]n making an award of custody, the court shall consider but not be limited to the following factors: the parents' ability to agree, communicate and cooperate in matters relating to the child; the parents' willingness to accept custody and any history of unwillingness to allow parenting time not

based on substantiated abuse; the interaction and relationship of the child with its parents and siblings; the history of domestic violence, if any; the safety of the child and the safety of either parent from physical abuse by the other parent; the preference of the child when of sufficient age and capacity to reason so as to form an intelligent decision; the needs of the child; the stability of the home environment offered; the quality and continuity of the child's education; the fitness of the parents; the geographical proximity of the parents' homes; the extent and quality of the time spent with the child prior to or subsequent to the separation; the parents' employment responsibilities; and the age and number of the children.

[N.J.S.A. 9:2-4(c).]

When "the parents cannot agree to a custody arrangement, the court may require each parent to submit a custody plan which the court shall consider in awarding custody." N.J.S.A. 9:2-4(e). Lastly, when making "any custody arrangement not agreed to by both parents," the "court shall specifically place on the record the factors which justify" its order. N.J.S.A. 9:2-4(f).

"[T]he decision concerning the type of custody arrangement [is left] to the sound discretion of the trial court[.]" Nufrio v. Nufrio, 341 N.J. Super. 548, 555 (App. Div. 2001) (second and third alteration in original) (quoting Pascale v. Pascale, 140 N.J. 583, 611 (1995)). Therefore, on appeal "the opinion of the trial judge in child custody matters is given great weight[.]"

Terry v. Terry, 270 N.J. Super. 105, 118 (App. Div. 1994) (citations omitted).

Initially, the judge found plaintiff's decision to move to Florida constituted a substantial change in circumstances warranting modification as "the parties will be unable to continue with the true shared parenting arrangement." In arriving at the custodial determination, the judge then analyzed the relevant statutory factors.[5] Pursuant to that analysis, the judge focused on the "quality, not necessarily the quantity of factors" weighing in favor of each party.

Relying upon the testimony of the experts, the judge determined that plaintiff had a stronger bond with the child. Notwithstanding, the judge recognized the child would benefit from continued contact with both parents on a regular basis. Though noting the limited weight afforded to this factor, the judge also considered the child's desire to move to Florida. In reaching her decision, the judge found significant to her determination the issues with school tardiness and absenteeism during defendant's

---

[5] Although the judge acknowledged it was unnecessary to address the Baures factors, the judge found that in application of those factors, removal of the child to Florida would be appropriate. The Baures standard is only applicable in instances where the relocating parent is the parent of primary residence. See O'Connor, supra, 349 N.J. Super. at 398.

A-4981-15T3

parenting time. The judge also found the testimony of both parties credible that, when involving the issue of education, the child was responsive to plaintiff's parenting techniques.

In sum, having considered the record as well as the weight we afford to custodial decisions made by Family Part judges, we discern no basis to disturb the decision to modify custody and to permit the relocation of plaintiff with the parties' child to Florida.

We next address plaintiff's motion. Defendant acknowledges that the disputed items in her appendix were not part of the trial record. We ordinarily do not consider evidentiary material not part of "the record developed before the trial court." Davis v. Devereux Found., 209 N.J. 269, 296 n.8 (2012); see R. 2:5-4(a). As such, finding no basis to deviate from the ordinary scope of our review, we grant plaintiff's motion to strike those items from the appendix. Consistent therewith, we have not considered those items in reaching our decision on the merits.

Finally, to the extent not specifically addressed herein, we conclude defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4981-15T3